UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **NATIONAL SHOPPING PLAZAS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 2:20 CV 214 |
| | ) |
| **MATTRESS FIRM, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION and ORDER**

**I.     BACKGROUND**

On May 8, 2020, plaintiff National Shopping Plazas, Inc., filed suit against defendant Mattress Firm, Inc., claiming that defendant breached a commercial real estate rental contract. (DE # 3.) Plaintiff claims that, as a result, defendant owed approximately $15,000 in monthly rent. (*Id.*) The parties do not dispute that, after the suit was filed, defendant paid plaintiff the past-due rent, and plaintiff accepted it. (*See, e.g.*, DE # 20-1 at 1.) Nevertheless, plaintiff continued to proceed with the action, claiming entitlement to rent through the end of the lease term, plus, amongst other things, attorney's fees under the contract as a "prevailing party." (DE # 16.)

Despite the early procedural posture of the case, plaintiff has moved for summary judgment on the issue of contractual entitlement to attorney's fees, only. (DE # 16.) Defendant opposed the motion in a response (DE # 20), and plaintiff has replied (DE # 23).

## II.  LEGAL STANDARD

Though the present motion is styled as one for "summary judgment," a procedural mechanism that often focuses on the evidence related to a particular claim, the motion at hand depends entirely on construction of law and no relevant facts are in dispute. Of course, summary judgment is always appropriate in situations where a claim must fail as a matter of law. *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994).

## III.  DISCUSSION

Plaintiff argues that it is entitled to attorney's fees under the parties' contract. That agreement stated: "If either party brings an action to enforce the terms hereof or declare rights hereunder, the prevailing party in any such action, trial, or appeal shall be entitled to its reasonable attorney's fees to be paid by the losing party as fixed by the court." (DE # 1-1 at 27.) Plaintiff argues that defendant's responsibility to pay attorney's fees is triggered by plaintiff filing the present lawsuit; defendant argues that the trigger would be a formal judgment in plaintiff's favor– something plaintiff does not have.

In 2008, the Indiana Supreme Court examined a similar case, in which the parties contractually agreed that "the prevailing party would be entitled to reasonable costs and expenses, including attorney fees. The term 'prevailing party' was not defined." *Reuille v. E.E. Brandenberger Const., Inc.*, 888 N.E.2d 770, 770–71 (Ind. 2008). The court held that, "in the absence of further definition, such a contract produces fees only when one party or the other wins a judgment." *Id.* This case clearly controls here. Plaintiff's

2

entitlement to attorney's fees would ripen only if a judgment were entered in its favor, and no judgment has been entered in this case for any party yet.

Plaintiff claims it is prepared and willing to go forward with a case against defendant for various entitlements under the contract. (DE # 23 at 2.) Should that occur, and should plaintiff prevail in the form of a judgment against defendant, plaintiff may raise the issue of attorney's fees at that time. At this moment, however, the request is premature.

## IV.    CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is **DENIED**. (DE # 16.) This case shall continue to proceed with pretrial matters before Magistrate Judge Joshua P. Kolar. A deadline for any further dispositive motions shall be set under separate order following the conclusion of discovery.

**SO ORDERED.**

Date: September 14, 2021

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT